Lawrence E. Henke
David L. Vicevich
Vicevich Law
524 E. Park Street, Ste. B
Butte, MT   59701
Telephone: (406) 782-1111
Fax No.: (406) 782-4000
larry@vicevichlaw.com
dave@vicevichlaw.com
State Bar of MT No. 42337024/4791

Attorneys for Plaintiff Matthew Egloff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| MATTHEW EGLOFF,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MONTANA TECHNICAL UNIVERSITY,<br><br>　　　　Defendant. | Cause No.  CV-21-50-BU-BMM<br><br>**COMPLAINT AND PETITION FOR EMPLOYER TO SHOW CAUSE FOR NON-EMPLOYMENT** |

COMES NOW the Plaintiff, Matthew Egloff, by and through his counsel, Lawrence E. Henke, and for his Complaint against Defendant, asserts and alleges as follows:

### Introduction

This is a suit disputing the employer's decision to not hire Plaintiff who was entitled to, but not given, the statutory preferences based on his Veteran and Disabled

Persons status. The predicate request for the employer's explanation has been met; the Petition is filed within 90 days of the notification of non-employment.

Pursuant to M.C.A. § 39-29-104(3)(a), the Court shall, at a time not less than five (5) days or more than ten (10) days after the Petition was filed, order the Employer to appear and show cause why the applicant (Plaintiff) was not hired for the position.

## I.
## Parties

1. Plaintiff Matthew Egloff ("Egloff") is and was a resident of Silver Bow County, MT, at all times pertinent hereto.

2. Defendant Montana Technical University ("MTU") is a public university located at 1300 W. Park Ave., Butte, MT, 59701.

## II.
## Venue and Jurisdiction

3. Venue is proper in Federal District Court, Butte Division, pursuant to 28 U.S.C. § 1391(b)(2).

4. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331.

## III.
## Summary of the Dispute

5. This suit is limited in scope and nature to a specific statutory veterans' benefit to which the Plaintiff is entitled, and one which the Defendant denied. MTU is a federal contractor, and pursuant to 38 U.S.C. § 4212 and 29 USC § 793 is required

to comply with the Vietnam Era Veterans' Readjustment Assistance Act and the Rehabilitation Act of 1973. MTU is a public employer in the State of Montana, and pursuant to M.C.A. §§ 39-29-103 and 39-30-201, is required to comply with State Veterans' Preference policy and State Persons with Disabilities preference, respectively, as well as federal preference statutes.

6.     Matt Egloff is a disabled veteran; he applied for the position of Mechanical Engineer, Assistant Professor at MTU.  Egloff, at the time of application, had provided notice of preference based on his disabled and veteran status as part of the application process pursuant to 38 U.S.C. § 4212 and 29 USC § 793, as well as M.C.A. §§ 39-29-103 and 39-30-206.

7.     In violation of the above referenced statutory requirements, MTU did not utilize Mr. Egloff's veterans' and/or his disabilities preferences.  MTU denied him an interview and it filled the position without providing Mr. Egloff with the required veterans' or persons with disabilities preference.

### IV.
### Factual Background

8.     Mr. Egloff is employed by MTU in an "Instructor III" position; the position of an Associate Professor is a promotion from Instructor III.

9.     Egloff has fifteen (15) years of full-time teaching experience, having taught twenty-three (23) different courses from the freshman to graduate level, and has developed three (3) unique courses for the university.

10. Egloff has over fifteen (15) years of publication in research magazines, as well as over twelve (12) years in experience in the private sector.

11. Egloff is a licensed, professional engineer.

12. Egloff is a disabled veteran under M.C.A. § 39-29-101(2)(a), making him eligible for Veterans' preference in the State of Montana. MTU has been notified of this status via Mr. Egloff's "cyberbear" employment record, shown below.

> Ethnicity and Race
> Not Hispanic or Latino
> White
> Veteran Classification
> I identify as one or more of the classifications of protected veteran listed
> Disabled Veteran
> Date of Discharge July 16, 1987

13. Egloff is a person with a disability under M.C.A. § 39-29-101 and § 39-30-202.

14. MTU has been notified of this status via the "Cyber Bear"[1] employment record, shown above.

*15*. MTU is a public employer in the State of Montana, making it subject to M.C.A. § 39-29-101, et. seq and § 39-30-201, *et. seq*.

16. MTU failed to properly apply veterans' preference and/or disabled persons' preference to Mr. Egloff's application for a position as an Associate Professor, in violation of State statute.

---

[1] "Cyber Bear" is the system utilized by MTU for employee records.

17. MTU is also the receiver of federal contracts that amount to over $100,000.00.

18. Per 38 U.S.C. § 4212 and 29 USC § 793, this requires MTU to abide by both the Vietnam Era Veterans' Readjustment Assistance Act and the Rehabilitation Act of 1973.

19. Mr. Egloff qualifies for preference under both Acts and has notified MTU of this status that qualifies him for both preferences.

20. MTU failed to properly apply veterans' preference and/or disabled persons' preference to Mr. Egloff, in violation of federal law.

21. Due to MTU's failure, Egloff did not receive the required preference in hiring as a veteran and/or disabled person, and therefore was not promoted to a position for which he was qualified.

## V.
## Claims

### Count 1:
VIOLATION OF M.C.A. § 39-29-101 ET. SEQ. - MONTANA TECHNICAL UNIVERSITY BREACH IN DUTY TO ABIDE BY STATE REQUIRED VETERANS' PREFERENCE IN VIOLATION OF MONTANA STATE STATUTE.

22. Plaintiff realleges paragraphs 1-21 above as though fully set forth herein.

23. As a State employer, MTU has a statutorily required duty to provide veterans' preference to hiring decisions.

24. MTU, after being notified of Mr. Egloff's status as a veteran who is owed preference in hiring, failed to apply the required preference.

25.    MTU knowingly and willfully failed to comply with the State requirement to provide veterans' preference to hiring decisions, causing harm to Mr. Egloff.

26.    Due to MTU's failure to comply, Mr. Egloff has suffered lost wages.

27.    Due to MTU's failure to comply, Mr. Egloff was wrongfully denied a promotion to Associate Professor, suffering damages to his career development.

### Count 2:
VIOLATION OF M.C.A. § 39-30-201 ET. SEQ -- MONTANA TECHNICAL UNIVERSITY BREACH IN DUTY TO ABIDE BY STATE REQUIRED PERSONS WITH DISABILITIES PREFERENCE IN VIOLATION OF MONTANA STATE STATUTE.

28.    Plaintiff realleges paragraphs 1-27 above as though fully set forth herein.

29.    As a State employer, MTU has a statutorily required duty to provide preference to persons with disabilities in hiring decisions.

30.    MTU, after being notified of Mr. Egloff's status as a person with a disability who is owed preference in hiring, failed to apply the required preference.

31.    MTU knowingly and willfully failed to comply with the State requirement to provide preference to persons with disabilities in hiring decisions, causing harm to Mr. Egloff.

32.    Due to MTU's failure to comply, Mr. Egloff has suffered lost wages.

33.    Due to MTU's failure to comply, Mr. Egloff was wrongfully denied a promotion to Associate Professor, suffering damages to his career development.

### Count 3:
VIOLATION OF 38 U.S.C. § 4212 -- MONTANA TECHNICAL UNIVERSITY
BREACH IN DUTY TO ABIDE BY REQUIRED VETERANS'
PREFERENCE IN VIOLATION OF FEDERAL STATUTE.

34. Plaintiff realleges paragraphs 1-33 above as though fully set forth herein.

35. As a federal contractor, MTU has a federally required duty to provide preference to disabled persons hiring decisions.

36. MTU, after being notified of Mr. Egloff's status as a veteran who is owed preference in hiring, failed to apply the required preference.

37. MTU knowingly and willfully failed to comply with the federal requirement to provide preference to disabled persons in hiring decisions, causing harm to Mr. Egloff.

38. Due to MTU's failure to comply, Mr. Egloff has suffered lost wages.

39. Due to MTU's failure to comply, Mr. Egloff was wrongfully denied a promotion to Associate Professor, suffering damages to his career development.

### Count 4:
VIOLATION OF 29 U.S.C. § 793 -- MONTANA TECHNICAL UNIVERSITY
BREACH IN DUTY TO ABIDE BY REQUIRED PERSONS WITH DISABILITIES
PREFERENCE IN VIOLATION OF FEDERAL STATUTE.

40. Plaintiff realleges paragraphs 1-39 above as though fully set forth herein.

41. As a federal contractor, MTU has a federally required duty to provide preference to persons with disabilities in hiring decisions.

42.  MTU, after being notified of Mr. Egloff's status as a person with a disability who is owed preference in hiring, failed to apply the required preference.

43.  MTU knowingly and willfully failed to comply with the federal requirement to provide preference to persons with a disability in hiring decisions, causing harm to Mr. Egloff.

44.  Due to MTU's failure to comply, Mr. Egloff has suffered lost wages.

45.  Due to MTU's failure to comply, Mr. Egloff was wrongfully denied a promotion to Associate Professor, suffering damages to his career development.

## VI.
## Damages

46.  Plaintiff realleges paragraphs 1-45 as though set forth herein.

47.  As alleged in each count, Plaintiff has suffered damages due to lost wages in an amount not yet fully realized and to be determined at trial, as well as damages to career opportunities and advancement.

48.  As alleged above, MTU acted with actual malice and/or actual fraud in denying Mr. Egloff his veterans' preference under both state and federal law, entitling the Mr. Egloff to punitive damages under M.C.A. § 27-1-220.

49.  As alleged above, MTU acted with actual malice and/or actual fraud in denying Mr. Egloff his disabled persons' preference under both state and federal law, entitling the Mr. Egloff to punitive damages under M.C.A. § 27-1-220.

50. Based on the allegations and statutory violations, Mr. Egloff is entitled to recover his reasonable attorney's fees and costs.

## VII.
## Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

   a. An order requiring Mr. Egloff to be granted the position of Associate Professor, with requisite back pay, or

   b. An award of economic damages (backpay) incurred due to MTU's failure to abide by State Veterans' Preference requirements, as well as an increase in pay to the level of Associate Professor.

   c. An award of economic damages (backpay) incurred due to MTU's failure to abide by persons with disabilities preference required by State statute as well as an increase in pay to the level of Associate Professor.

   d. An award of economic damages (backpay) incurred due to MTU's failure to abide by federal Veterans' Preference requirements, as well as an increase in pay to the level of Associate Professor.

   e. An award of economic damages (backpay) incurred due to MTU's failure to abide by federal persons with disabilities preference, as well as an increase in pay to the level of Associate Professor.

   f. An award of attorney fees and costs as allowed by law, and

g. For any other relief the Court deems just under the circumstances

DATED: 9th day of June, 2021

/s/ *Lawrence E. Henke*
LAWRENCE E. HENKE
Attorney for Plaintiff

**COMPLAINT AND PETITION FOR EMPLOYER TO SHOW CAUSE FOR NON-EMPLOYMENT -- PAGE 10**